IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| SHIRLEY HELLER, ) | C.A. NO. 5:05-CV-2880-RBH | |
| Administratrix of the estate of ) | | |
| Wayne Heller, Deceased, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| AA RECOVERY, INC. and ) | | |
| MARVIN C. JEFFERS, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

Pending before the Court is Defendants' Motion in Limine to Exclude the Report and Testimony of James L. Kenkel [Docket Entry #29].

The Defendants' Motion seeks to exclude the report and testimony of Plaintiff's economist expert, James L. Kenkel, because Dr. Kenkel was allegedly formally identified as an expert more than one month after the deadline contained in the Court's Scheduling Order. The Defendants argue that this late disclosure prejudiced them by preventing them from designating their own economist expert and by preventing them from questioning the Plaintiff and witnesses at earlier depositions on the issues and opinions raised by Dr. Kenkel. However, Dr. Kenkel was in fact identified in discovery responses provided by the Plaintiff on or about April 13, 2006, but the actual report of Dr. Kenkel was not received by the Defendants until July 24, 2006, more than one month after the deadline for such submissions.

In spite of this late submission, the Plaintiff has not requested any extension of the Scheduling Order. The Defendants have now had Dr. Kenkel's report for more than six months.

The Court does not wish to be punitive in nature and at the same time recognizes the need to reach the merits of this case while balancing against the seriousness of the Court's Scheduling Orders and the consequences of the failure to adhere to them. The Court also recognizes the serious nature of this case.

Balancing the concerns noted above, the Court orders the following:

1) The Plaintiff, within the next fifteen (15) days, shall make Dr. Kenkel available for deposition at the Defendants' convenience at the Defense counsel's office. Plaintiff's counsel shall bear all reasonable costs associated with that deposition except for Defense counsel's attorney fees;[1] and

2) In the event that the Defendants wish to designate their own economist expert, they shall designate their own expert, produce any reports of that expert, and make that expert available for deposition all within the next thirty (30) days.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
U.S. District Judge

February 27, 2007

---

[1] Plaintiff's counsel should not pass these deposition costs along to the Plaintiff as litigation expenses, since they result from Plaintiff's counsel's dilatory conduct.